TORPY, J.
In this DUI case, the question presented is whether the trial court abused its discretion in admitting evidence that Appellant refused to submit to a breath test. Finding that the lower court did not abuse its discretion, we affirm.
When asked to submit to a breath test, Appellant was warned that her refusal would result in the suspension of her driver’s license, but she was not informed that, if her license previously had been suspended for a prior refusal, her refusal would constitute a misdemeanor, as is required by section 316.1932(l)(a)l.a., Florida Statutes (2003). Appellant contends that the failure of the police to give the complete warning, as required, necessitates that the evidence of her refusal be excluded. We disagree.
Although section 316.1932(l)(a)l.a. provides that the refusal to submit to a breath test “upon the request of a law enforcement officer as provided in this section is admissible into evidence ...,” nothing in the statute requires exclusion when the statutory warning is not complete. Moreover, this statute, which is primarily intended to regulate the privilege of driving, does not provide the sole basis for admission of evidence related to breath testing. Pardo v. State, 429 So.2d 1313, 1315 (Fla. 5th DCA 1983). Thus, we must look to the general rules of evidence to determine if the trial court abused its discretion in admitting this evidence.
Generally, all relevant evidence is admissible unless excluded by law. § 90.402, Fla. Stat. (2003). Relevant evidence is that which tends to prove or disprove a material fact. § 90.401, Fla. Stat. (2003). Evidence that a suspect refused investigative testing is relevant because it tends to prove a consciousness of guilt, provided that the suspect first was informed that adverse consequences would flow from his or her refusal. Menna v. State, 846 So.2d 502, 505 (Fla.2003). Here, because Appellant was advised of at least one adverse consequence that would result from her refusal, her decision to refuse was relevant and the trial court did not *635 abuse its discretion in admitting the evidence.
AFFIRMED.
THOMPSON and ORFINGER, JJ., concur.